```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

AUTO-OWNERS INSURANCE       )
COMPANY,                    )
                            )
         Plaintiff,         )
                            )   CAUSE NO. 2:15-CV-00311
         vs.                )
                            )
PATRICIA AMSDEN *et al.*,   )
                            )
         Defendants.        )

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Auto-Owners Insurance Company's Motion for Summary Judgment, filed on February 10, 2016 (DE #19). For the reasons set forth below, the motion (DE #19) is **GRANTED.** Additionally, the Clerk is **ORDERED** to **CLOSE** this case.

BACKGROUND

This is a declaratory judgment action as to liability insurance coverage arising out of a motor vehicle accident. Patricia Amsden, Individually and as Administrator of the Estate of Phillip Amsden filed a Complaint in Lake County Superior Court, Room 4 ("Lake County Superior Court"), Cause No.: 45D04-1105-CT-00111 ("Amsden Lawsuit"), against Maintenance Dynamics, Inc., Jeffery Cleary ("Cleary"), Chulas LLC d/b/a Country Lounge and Giovanni's, Inc. d/b/a Giovanni's for wrongful death arising out of a motor vehicle accident

that occurred on November 4, 2010. Auto-Owners Insurance Company ("Auto-Owners") issued an Automobile Liability Policy to Jeffrey Cleary and Clara Cleary, Policy Number 46-784-527-01, with effective dates of August 4, 2010 to February 4, 2011 ("Auto-Owners' Policy"). Auto-Owners defended Cleary in the Amsden Lawsuit and continued to defend Cleary relative to the Amsden Lawsuit.

On February 17, 2015, the Lake County Court entered judgment in the Amsden Lawsuit based on a jury verdict dated February 13, 2015 in favor of Amsden and against Defendants in the total sum of Twenty-Five Million Dollars ($25,000,000). The judgment amount specifically entered against Cleary was Ten Million Dollars ($10,000,000). On August 14, 2015, Auto-Owners deposited with the Clerk of the Lake County Superior Court the full limit of liability of $250,000, plus post-judgment interest from the date of verdict, February 13, 2015, up through the date of deposit, August 14, 2015, for $401,777.74, for a total deposit of $651,777.74.

Plaintiff, Auto-Owners, now moves this Court for summary judgment under Federal Rule of Civil Procedure 56. Specifically, Auto-Owners asks for judgment in its favor and against Defendants on the issue of Auto-Owners having completely satisfied all obligations and duties that Auto-Owners owed to its insured, Jeffery Cleary, under the terms and conditions of Auto-Owners' policy by depositing on August 14, 2015, the policy liability limits, and all supplementary payments owed under the Auto-Owners' policy, including all post-judgment interest owed and accrued

2

between the date of verdict and the date it deposited payment with the Clerk of the Lake County Superior Court, and that Auto-Owners fulfilled its duty to defend and indemnify Jeffery Cleary under the Policy and has no further duty to defend Jeffery Cleary in any matters related to the Amsden Lawsuit under Cause Number 45D04-1105-CT-00111, the appeal of judgment therein, the events of the accident on November 4, 2010, and/or the Lake County Superior Court Judgment against Jeffery Cleary. (DE #19.)

Defendants, Jeffery Cleary and Clara Cleary, filed a response (DE #22), stating this action is based upon whether or not Auto-Owners is obligated to continue to provide a defense to the Cleary Defendants, and that on April 12, 2016, the parties resolved the underlying dispute pending in state court. (DE #22.) The Cleary Defendants and Patricia Amsden, individually and administrator of the estate of Phillip Amsden, deceased, executed a Release and Settlement Agreement. (DE #22.) Therefore, the Cleary Defendants claimed the underlying motion is moot. (*Id.*)

Following a telephonic status conference with Magistrate Judge Paul R. Cherry, the Cleary Defendants requested that the Court enter judgment based upon Auto-Owners' request for relief. (DE #25.) The Estate Defendant was given 14 days in which to file a notice with the Court on how they would like the Court to proceed.

On June 7, 2016, Defendant, Patricia Amsden, individually and as the Administrator of the Estate of Phillip Amsden, filed a

3

notice of no objection (DE #26). The Estate Defendant stated "after consultation, defendant Amsden hereby notifies the Court that it has no objection to the Court entering Summary Judgment as requested by Plaintiff." (DE #26.)

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of

material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Celotex*, 477 U.S. at 323.

Where the motion for summary judgment is not opposed and the movant's facts are not controverted, the Court "may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Moreover, the Court may "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). However, even if a motion for summary judgment is unopposed, the movant must still show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993).

In this case, Auto-Insurance has set forth the applicable insurance policy and provisions which require it to pay damages for bodily injury or property damage up to the limit of liability, pay interest on damages owed and all costs charged, and defend the suit until Auto-Owners has paid the limit of liability. (DE #19-1 at 9; *see also* Certified Auto-Owners Insurance Company's Policy, Ex. G.) Moreover, Auto-Owners has showed that on August 14, 2015, it deposited with the Clerk of the Lake County Superior Court the full limit of liability ($250,000) plus all post-judgment interest from the date of the verdict, February 13, 2015, up through the date of deposit, August 14, 2015, in the amount of $401,777.74, for a total deposit of $651,777.74. (DE #19-1 at 7; *see also* Certified Auto-

Owners Insurance Company's Notice of Deposit Pending Appeal, Ex. H; Certified Clerk's Receipt of Deposit, Ex. I.). Auto-Owners has shown that it deposited all interest owed. *See Allegheny Airlines, Inc. v. Forth Corp.*, 663 F.2d 751, 756 (7th Cir. 1981). Moreover, Auto-Owners does not owe costs because after conducting a hearing on Amsden's amended petition for attorney's fees and costs, the Lake County Superior Court ruled that no attorney's fees or costs should be awarded to Amsden (Ex. E). Finally, Auto-Owners has no further duty to defend Cleary under the terms and conditions of the policy. *See Abstract & Title Guar. Co., Inc. v. Chicago Ins. Co.*, 489 F.3d 808, 812 (7th Cir. 2007); *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 676-77 (Ind. Ct. App. 2007).

Based upon: the undisputed facts set forth by Auto-Owners and the exhibits attached thereto; plus Defendants Jeffery Cleary and Clara Cleary's statement that on or about April 12, 2016, the parties resolved the underlying dispute pending in Lake Superior Court and the Cleary Defendants and Patricia Amsden, individually and as administrator of the estate of Phillip Amsden, deceased, executed a release and settlement agreement (DE #22); plus the notice of no objection (DE #26) by Patricia Amsden, individually and as administrator of the estate of Phillip Amsden, deceased, this Court finds that summary judgment is appropriate.

As such, the Court **FINDS**:

    A. As of August 14, 2015, Auto-Owners has completely satisfied all obligations and duties that Auto-Owners

owed to Cleary under the terms and conditions of the Policy by depositing the Policy liability limits, and any supplementary payments it owed, including all post-judgment interest owed under the Policy and accrued between the date of Verdict and the date it deposited payment with the Clerk of the Lake County Court;

B. Auto-Owners fulfilled its duty to defend Cleary under the Policy and has no further duty to defend Cleary in any matters related to the Amsden Lawsuit, the appeal of the judgment therein, the events or Accident giving rise to it, and/or the Lake County Superior Court Judgment against Cleary;

C. Auto-Owners fulfilled its duty to indemnify Cleary for any and all claims or suits arising out of the Accident, including but not limited to the Amsden Lawsuit.

CONCLUSION

For the reasons set forth above, Plaintiff Auto-Owners Insurance Company's Motion for Summary Judgment (DE #19) is **GRANTED.** Additionally, the Clerk is **ORDERED** to **CLOSE** this case.

**DATED: June 15, 2016**          /s/ RUDY LOZANO, Judge
                                  **United States District Court**

8